The PENNSYLVANIA BANK & TRUST CO.

v.

Andrew HANISEK, Sheriff of Erie County.

Civ. A. No. 75–30 Erie.

United States District Court, W. D. Pennsylvania.

Jan. 28, 1977.

Will J. Schaaf, Erie, Pa., for plaintiff.

Michael Visnosky, Erie, Pa., for defendant.

## FINDINGS OF FACT, DISCUSSION AND CONCLUSIONS OF LAW

KNOX, District Judge.

Plaintiff brought this suit as a class action against the Sheriff of Erie County Pennsylvania claiming that he had consistently been charging excessive amounts for poundage or commissions in connection with sheriff sales of real property conducted by him. The action is a civil rights action specifically brought under 42 U.S.C. § 1983. The court has jurisdiction under 28 U.S.C. § 1343(3). The case was tried and argued to the court upon and agreed upon stipulation of facts and is now before the court for decision. The court makes the following

### FINDINGS OF FACT

(1) Plaintiff, The Pennsylvania Bank and Trust Company is a Pennsylvania banking corporation with its principal place of business in the Western District of Pennsylvania.

(2) Defendant, Andrew J. Hanisek, is the duly elected, qualified and acting sheriff of Erie County Pennsylvania and a resident of the Western District of Pennsylvania, and has been since prior to March 26, 1969.

(3) This case has been certified as a class action and is brought by plaintiff on behalf of itself and numerous other banks, finance corporations, savings and loan associations and other individual and corporate lenders who have found it necessary to cause real property of their debtors to be sold by the Sheriff of Erie County, Pennsylvania at sheriff's sales during the period from March 26, 1969 to March 26, 1975 the date of filing this suit.

(4) During this six year period of time defendant was at all times Sheriff of Erie County Pennsylvania conducting sheriff's sales of real property by virtue of his office and pursuant to provisions of Pennsylvania law.

(5) Various other banks, savings and loan associations, finance companies and individuals have opted out in accordance with the report of the class action manager filed December 16, 1976 and are no longer considered as plaintiffs in this case.

(6) The court incorporates by reference in these findings of fact paragraphs 1–30, inclusive of the stipulation of facts filed in this case on August 3, 1976.

(7) In assessing poundage or commission for his services in connection with the sale of real estate the sheriff is governed by the provisions of Pennsylvania law, 16 P.S. 11301(b) (Act of May 9, 1949 P.L. 927 as last amended (Act October 17, 1974 P.L. 72) regulating the fees and commissions of sheriffs in counties other than counties of the first class. Erie County, Pennsylvania is a county of the third class and the fees of the defendant are regulated by said statute.

(8) The defendant, the Sheriff of Erie County, for a period of six years prior to March 26, 1975, charged poundage or commissions based on the amount of the judgment debt (which includes the debt and interest) or the highest bid price at the time of sale whichever was greater.

(9) That all poundage collected by the defendant at each and every Sheriff sale of real estate has been transferred to the Treasurer of Erie County for inclusion in the general fund of the budget of Erie County.

(10) That there were no exceptions filed to the distribution of the proceeds in any of the foregoing sheriff sales or in any of the sheriff sales conducted at all times material hereto objecting to the sheriff's collection of poundage and his computation of poundage as set forth in Stipulation of Fact No. 32.

(11) That at all times material hereto, the defendant, Andrew J. Hanisek, Sheriff of

Erie County, Pennsylvania acted in good faith and upon the reasonable belief that the method employed for the computation of poundage was consistent with the existing statute. It appears that the sheriff was acting upon the advice of his solicitor Wendell R. Good, Esquire, Erie, Pennsylvania, now deceased.

### DISCUSSION

The instant case is an illustration of the expansion of litigation under the Civil Rights Act, 42 U.S.C. § 1983[1] to bring within the purview of the federal courts matters which no one would have considered appropriate for their consideration a few years ago. The court, however, has determined that under the peculiar circumstances of this case and the lack of any apparent remedy afforded plaintiffs under Pennsylvania law this court must assume jurisdiction and determine the question presented here as to whether excessive poundage has been collected by a Pennsylvania sheriff in connection with the sales of real estate.

Preliminarily, it will be noted that originally the sheriff had brought in the County of Erie as a third party defendant claiming that he had paid all monies collected by way of poundage on real estate sales over to the county treasurer and that if he, the sheriff, was required to reimburse plaintiff for monies improperly collected the county in turn should indemnify him against such liability.[2]

The county upon being joined originally presented a motion to dismiss which was denied, the court holding that it had pendent jurisdiction of this claim by the sheriff under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). On June 24, 1976, however the United States Supreme Court handed down its decision in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276, holding that a federal court in a civil rights case did not have pendent or ancillary jurisdiction of a claim against a party not within its statutory jurisdiction under the Civil Rights such as a county. This court thereupon dismissed the third party claim against the County of Erie without prejudice to the right of the defendant sheriff to present his claims for indemnity, if any, in the appropriate state court.

In connection with the plaintiff's request for a class action the court did on December 2, 1975, enter an order pursuant to stipulation certifying this as a class action under Rule 23(b)(2) and (b)(3), the class being described as "all plaintiffs both corporate and individual or otherwise who have been execution creditors in sales of real property conducted by the sheriff of Erie County Pennsylvania from June 20, 1969 to June 20, 1975".

Provisions were made for notices to members of the class which were represented as of November 14, 1975, according to stipulation, to consist of at least 46 corporate plaintiffs and 49 individual plaintiffs in 319 sheriff sales conducted by the defendant during this period of time. A class action manager was appointed who reported on December 16, 1976, that 18 corporate and individual plaintiffs had notified him of opting out of the class. The exact names of the persons or corporations now contained in the class as represented by the plaintiff have not yet been made known to the court and will be determined in connection with the assessment of damages as hereinafter provided.

It will be noted that 42 U.S.C. § 1983 provides for a cause of action to "any citizen of the United States *or other persons* within the jurisdiction thereof." It

---

1. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. The word "Poundage" is derived from the amount of commissions allowed the sheriff in England of so much in the pound for amounts levied or collected in connection with execution. See Black's Law Dictionary P. 1332.

therefore has been properly held that a corporation as well as an individual has a right to bring a suit under the Civil Rights Act. *Leslie Tobin Imports, Inc. v. Rizzo*, 305 F.Supp. 1135 (E.D.Pa.1969). It is obvious that this must be so since a corporation is a "person" entitled to the protection of the Fourteenth Amendment with respect to due process of law and equal protection of the laws which are the rights at issue in this case. See *Grosjean v. American Press Company, Inc.*, 297 U.S. 233, 56 S.Ct. 444, 80 L.Ed. 660 (1936). In any event, we have numerous individual plaintiffs who have not opted out who are also entitled to protection under this class action.

With these preliminary matters out of the way, the court now turns to the merits of the case.

### (A) Due Process of Law.

As previously noted the sheriff of Erie County has been collecting poundage or commissions with respect to properties sold at sheriff sale under the provisions of 16 Purdon's Pa. Statutes 11301 governing the fees to be charged by sheriffs in counties other than counties of the first class which insofar as is relevant here reads as follows:

"In addition, the sheriff shall charge and receive, as an official fee, a commission charge of two cents on every dollar, based upon the total amount bid for the property, whether paid to the sheriff or credited to the purchaser: Provided, That the amount of same does not exceed one thousand dollars ($1,000), in which case one-half cent (½ cent) on every dollar in excess of this amount shall be charged in addition.

It will be noted that the statute says that the commission shall be based upon the "total amount bid for the property whether paid to the sheriff or credited to the purchaser". It appears that the vast majority of the properties bid at sheriff sales in Erie County (as well as in most counties throughout the state) are bid in for "costs and taxes", leaving nothing to be applied against the debt. Nevertheless the sheriff of Erie County and certain other sheriffs elsewhere in the state have been charging poundage on the total amount of the judgment upon which the property is sold including the debt and interest. The cases described in the stipulation of facts show that the sheriff's computations have led to the collection of excessive poundage. Thus in case No. 2 poundage was charged on a judgment debt of $2252.70 plus interest of $131.58 whereas the bid for costs and taxes amounted to only $737.32 which at the rate of two percent on amounts less than $1,000 collected. It is apparent of course that the larger amount of poundage was levied and collected by the sheriff under color of his office notwithstanding the fact that the bid for costs and taxes was only for a nominal amount.

The plaintiffs further claim that they are denied due process of law as the result of the workings of the Pennsylvania Rules of Civil Procedure which have prevented them from bringing this matter to the attention of the Pennsylvania courts and as a result they have been left without a remedy to determine the correct amount of poundage.

An examination of the Pennsylvania Rules of Civil Procedure dealing with sheriff sales of real estate show that this claim is correct. The rules with which we are concerned are those providing for enforcement of judgments for the payment of money. Rules 3101 et seq. of the Pennsylvania Rules of Civil Procedure effective November 1, 1960.

More particularly we are concerned with rules 3132 et seq. in 3132 provision is made for setting aside a sheriff's deed upon petition of any party in interest before delivery of the sheriff's deed to real property where the court upon proper cause shown may set aside the sale and order a resale. This does not provide any method for bringing before the court the question of the sheriff's poundage. Rule 3133 provides that where the lien creditor is a purchaser and entitled to receive all or part of the proceeds of sale the sheriff shall accept the receipt of the purchaser on account of the purchase price up to the amount of the proceeds to which he is entitled. It is specifically provided,

however, "The sheriff may require payment in cash of all legal costs distributable from the proceeds of the sale."

The schedule of distribution is provided in Rule 3136 which insofar as is relevant here reads as follows:

(a) Not later than thirty (30) days after the sale of real property and not later than five (5) days after the sale of personal property, the sheriff shall prepare a schedule of proposed distribution of the proceeds of sale which shall be kept on file and shall be available for inspection in his office. *No schedule of distribution or list of liens need be filed when the property is sold to the plaintiff for costs only.*

"(d) The sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with him not later than ten (10) days after the filing of the proposed schedule.

"(e) Upon the filing of exceptions with the sheriff he shall transmit them to the prothonotary together with a copy of the proposed schedule of distribution.

"(f) The court shall determine the exceptions, and for this purpose may receive evidence by deposition or otherwise, or may appoint an auditor to hear the evidence and report to the court."

In other words under Rule 3136 where the bid is costs and taxes, the sheriff is not required to file a schedule of distribution and therefore there is no provision for filing exceptions to the same and bringing the matter of the correct calculation of sheriff's poundage before the court. The evidence shows that as a matter of practice the sheriff does not file a schedule where the bid is for costs and taxes.

■ As a result of the lack of requirement of a schedule of distribution where the bid is costs and taxes, plaintiffs contend that they have been given no opportunity under Pennsylvania law to bring this to the attention of the court to have it adjudicate what they regard as excessive fees charged by the sheriff of Erie County. It is elementary that a person who is condemned to

suffer a grievous loss is entitled to procedural due process. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287. While the amounts at any one of these sheriff's sales may appear to be small nevertheless it is apparent that in the aggregate the amount comes to a considerable sum for institutions with many mortgages. Further with respect to certain sheriff's sales wherein the amount of the judgment is large, but nevertheless the property was bid for costs and taxes, the plaintiff is left without a remedy to combat the amount exacted by the sheriff for poundage. The court holds that this qualifies for treatment as deprivation of property without due process of law.

When this case was first assigned the court was of the impression that this was a proper case for abstention because there had been no determination by the appellate courts of Pennsylvania of the amount to be charged by the sheriff and there were certain lower court decisions which appeared to be somewhat in conflict. The court therefore was originally of the opinion that this alleged civil rights case was not properly before the federal court and it should abstain pending a determination of the matter by the appellate courts of Pennsylvania. Upon closer examination however it appeared that in the ordinary case where the bid was costs and taxes there was no remedy in the Pennsylvania courts whereby this matter could be presented to the courts for adjudication.

This question however has now been resolved by decision of the superior court of Pennsylvania in *Trevose Savings Association v. Plowfield*, (Opinion filed May 13, 1976) 360 A.2d 229.

In this case, decided where the instant matter was pending in the federal court, the superior court upheld the decision of the court of common pleas of Lancaster County at No. 163 April Term 1975 wherein the sheriff claimed poundage on a debt of $2,207,045.99 whereas the plaintiff in execution claimed he was entitled to poundage only on the amount bid which was $12,000. While the bid there seems to have exceeded

costs and taxes, the principle nevertheless is clear, that poundage is to be calculated only upon the amount actually bid.

The court now concludes that there is no further reason for abstention in view of the fact that an appellate court of Pennsylvania has construed the statute with respect to calculation of the sheriff's poundage and the contentions of the plaintiffs that such poundage should be based only upon the amounts actually bid for costs and taxes is correct. It thus appears that the sheriff has been exacting excessive amounts of poundage based upon the total amount of the judgment and interest under color of office and as a result plaintiffs have been denied due process of law by an official acting under color of state law.

We specifically state, however, that the sheriff in collecting these excessive amounts did so in reliance upon the advice of his solicitor which has now turned out to be erroneous in the light of the decision of the superior court and for this reason we have made the finding that the sheriff acted in good faith in exacting these excessive amounts of poundage.

It does appear that in certain instances where the plaintiff in execution has been able to convince the department of revenue, real estate transfer unit, that the property was not worth the amount of the debt and that Pennsylvania Transfer Stamps on the deed should be affixed only at the amount of actual value of the property the sheriff of Erie County has made some concessions. The fact remains however, that the sheriff does not under the law have any procedure authorized for him to determine the fair market value of the property. It is true that the plaintiff could have this determined by bringing a deficiency judgment proceeding but if the defendant was without assets this would be a vain gesture requiring additional expenses by the plaintiff to produce expert witnesses as to the value of the property to procure a deficiency judgment which would be worthless. In other words this would be a vain gesture throwing good money after bad. In any event this is not what the legislature pro-

vided with respect to sheriff's poundage. There is no provision that the sheriff should base his poundage upon the fair market value of the properties sold. Rather it is clear that under the act of the legislature the sheriff was required to base his poundage on the amount bid only.

### (B) Equal Protection of the Laws.

Plaintiffs also claim they have been denied equal protection of laws with respect to poundage charged by the sheriff as a result of disparate treatment which they have received in the different counties in which they have occasion to sell real estate at sheriff sales. Since some counties have been charging upon the bid only, i. e. applying the commission percentage to costs and taxes, others have been charging as has the sheriff of Erie County on the total amount of the judgment debt and interest and certain others have been calculating the commissions on the basis of the fair market value of the property.

The plaintiff institutions do business in various counties and thus complain they are not accorded equal treatment as a result of the varying interpretations of the law by the different sheriffs.

It is obvious of course that the state could enact legislation providing for varying fees in various counties depending upon the expense of sheriffs sales and the Pennsylvania Legislature would have a rational state interest in seeing to it that those who employed the process of sheriff sale of real estate were required to pay a commission based upon the services rendered by the sheriff. These services might be more costly in the more populous metropolitan centers than in a rural county and no one could fault the state legislature if they had set up varying fees to cover these various counties. It thus has been held that the New York Legislature could establish a higher set of court costs for the courts in New York City than in other counties in that state. *Manes v. Goldin*, 400 F.Supp. 23 (three judge court, SDNY 1975).

In Manes there was an action for an injunction to restrain enforcement of a

New York statute which had raised court filing fees in New York City, which action was heard before a three judge court presided over by a circuit judge. The claim was made that the statute violated equal protection of the laws without any valid purpose and also denied plaintiff due process in that excessive filing fees foreclosed access to the courts. The court held that it had jurisdiction over the cause of action under 28 U.S.C. § 1343(3) but not under 28 U.S.C. § 1331 because it did not appear that any single person had been required to pay in excess of $10,000. (In the instant case the record is not clear. It has been asserted at argument that certain bidders with large mortgages do have in excess of $10,000 at stake.)

The three judge court held there was proper jurisdiction to attack filing fees in state courts under *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1970) which case also says there is no reason to abstain in such a situation or to wait for the state court construction of an ambiguous state law. In the instant case any ambiguity in the state statute has been removed by construction by the superior court.

The court went on to hold that a state classification to support such legislation must be reasonable and not arbitrary and rest upon some substantial ground of difference. The court said with respect to both this matter and the equal protection of the laws:

"Differences in ease of access to the courts have not been held to implicate such fundamental rights that the state must show a 'compelling state interest' to support any differentiation. When the state imposes varying burdens, however, 'the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation.' *F. S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920).

"The justification urged by the defendants and shown by the legislative history is that the fees under attack will help New York City meet its share of the cost of running the courts. Although New York City was once the center of wealth for the state, it is now indisputable that its budget is overburdened and it is less able to meet its needs than the rest of the state.

"A territorial distinction which has no rational basis will not support a state statute. See *Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); *Gordon v. Lance*, 403 U.S. 1, 91 S.Ct. 1889, 29 L.Ed.2d 273 (1970).

"The existence of a territorial distinction does not, however, necessarily invalidate a statute. As was stated in *Salsburg v. State of Maryland*, 346 U.S. 545, 74 S.Ct. 280, 98 L.Ed. 281:

'The Equal Protection Clause relates to equality between persons as such rather than between areas.' "

The court went on to hold that the object of the state legislature to make the system self sustaining through assessment of costs on those who use it was a proper state interest and the fact that there were different charges in different parts of the state did not necessarily invalidate the statute because of higher costs in New York City.

That is not what has happened here however. The state of Pennsylvania has provided for a uniform rate of poundage or sheriff's commissions in all of the counties in the state except first class counties, i. e., Philadelphia and so there is no rational basis for the state to require higher sheriff's commissions in certain counties than in others and the state has not attempted to do so. It therefore appears that plaintiffs are well within their rights in complaining they have been denied equal protection of the laws because they have been confronted with different demands by the sheriffs in the different counties with no rational basis for such differentiation.

### (C) CONCLUSION.

The court therefore determines that plaintiffs have made out a case of violation

of the Civil Rights Act 42 U.S.C. § 1983 and plaintiffs are entitled to a declaratory judgment with respect to the computation of poundage by the sheriff of Erie County declaring that such poundage shall be calculated only upon the amount of the bid whether for costs and taxes or for some other amount that prior calculations have been unlawful and that the defendant should return the monies overcharged to the plaintiff and the class members who have not opted out. We will direct the parties to prepare a proposed court order granting declaratory relief and also directing the sheriff to account for all monies over charged to the plaintiffs in this class action who have not opted out and present the same to the court for consideration within 20 days from the date of this adjudication. In the event there is a dispute as to amounts due individual members of the class the court will consider hearing the same or referring the same to a magistrate for determination of the dispute.

### CONCLUSIONS OF LAW

(1) The court has jurisdiction of the parties and the subject matter of the action.

(2) The defendant Andrew Hanisek, Sheriff of Erie County has, since March 26, 1969, been exacting under the color of his office as sheriff of Erie County excessive funds of poundage or commissions on sales of real estate from plaintiffs who have had occasion to sell real property at sheriff's sales in Erie County.

(3) The plaintiffs herein have been denied due process of law, inasmuch as they have been left without a remedy under Pennsylvania law for determining the dispute.

(4) The plaintiffs herein have been denied equal protection of the laws inasmuch as the Sheriff of Erie County has charged higher rates than those charged by sheriffs of other counties notwithstanding the fact that the Pennsylvania law makes no provision for charging of higher rates in different counties other than counties of the first class.

(5) The plaintiffs have made out a cause of action under the Civil Rights Act 42 U.S.C. § 1983.

(6) The sheriff of Erie County has acted in good faith in exacting what we determine to be excessive amounts of poundage.

(7) A decree should be entered granting plaintiffs declaratory relief in accordance with the foregoing adjudication and directing that the defendant account for and return all monies overcharged on executions and sales of real estate since March 26, 1969, to the members of the class in this case who have not opted out.

(8) The defendant should pay the costs of this proceeding.